```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

CHRISTOPHER G. POLITIS,           §
                                  §
    Petitioner,                   §
                                  §
vs.                               §   Civil Action No. H-05-2535
                                  §   (Consolidated with H-05-2654)
DEPARTMENT OF HOMELAND SECURITY,  §
                                  §
    Respondent.                   §

## ORDER

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1, H-05-2654; Docket Entry No. 2, H-05-2535) as well as Petitioner's Motion to Amend (Docket Entry No. 3). Based on records submitted by Plaintiff, the court understands the following sequence of events to underpin the present cause of action.

On January 31, 2001, Petitioner was convicted of the offense of possession of a controlled substance and sentenced to three years deferred adjudication by the 351st District Court of Harris County, Texas. On March 13, 2003, the court revoked the deferred adjudication probation and sentenced Petitioner to eighteen months confinement in the Texas Department of Criminal Justice State Jail Division.

On June 29, 2004, Petitioner was transferred from state custody to federal custody where he was served with a Notice of Intent to Issue a Final Administrative Removal Order. The basis for Petitioner's proposed removal from the United States was his

conviction of an aggravated felony. Petitioner apparently contested this allegation and received a hearing before a deportation officer.

On January 20, 2005, Petitioner was served with an Order of Removal that found that Petitioner was removable as charged. On February 4, 2005, Petitioner was advised of his right to appeal the decision to remove him from the United States. He was directed to file a notice of appeal to the Board of Immigration Appeals ("BIA").

There is a document attached to Petitioner's pleadings which appears to be a notice of appeal to the BIA dated February 15, 2005. However, in a document dated March 3, 2005, the Executive Office for Immigration Review indicated that there was no record of any appeal filed with the BIA, presumably based on a request by Petitioner for information. The court has no explanation for this apparent inconsistency.

Also included in Plaintiff's paperwork is a handwritten notice of appeal to the U.S. Court of Appeals for the Fifth Circuit dated February 10, 2005, along with a pleading entitled, "Notice for Direct Review." In a letter dated February 16, 2005, the Clerk of the Fifth Circuit returned Plaintiff's paperwork to him, explaining that the court lacked jurisdiction in the absence of a final decision of the BIA.

So it appears that Petitioner did not appeal his order of

removal to the BIA, the jurisdictional prerequisite to any appeal of the removal order to the U.S. Court of Appeals for the Fifth Circuit, and it does not appear that Petitioner is complaining that he was deprived of his right to appeal to the BIA.  Rather, Petitioner claims that, because he revoked his Greek citizenship prior to the final order of removal, he cannot be deported to Greece and therefore falls within the holding of Clark v. Martinez, ___ U.S. ___, 125 S.Ct. 716 (January 12, 2005).  He argues that he is entitled to be released from custody because the United States has been unable to effect his removal within six months of the removal order.  Respondent counters that the six-month period is equitably tolled because Petitioner's conduct has prevented the Respondent from effecting his deportation, citing Balogun v. INS, 9 F.3d 347, 351 (5th Cir. 1993).

At the outset the court must consider whether it has jurisdiction to consider this action.  In its answer, Respondent alleged that this court lacks jurisdiction but failed to move for dismissal or cite any law in support of this averment.  In its response to Petitioner's Motion for Release, Respondent seeks a ruling denying habeas corpus relief.  Respondent cannot have it both ways.  Either the court has jurisdiction to consider habeas corpus relief or it does not.

It is therefore **ORDERED** that the Respondent file, within ten (10) days from receipt of this order, a statement conceding subject

3

matter jurisdiction or a motion to dismiss for lack of subject matter jurisdiction.  If matters outside the pleadings must be considered by the court, the motion must be filed pursuant to Fed. R. Civ. 56.  Petitioner may file one responsive pleading to the motion to dismiss/motion for summary judgment.

**Pending the court's determination on jurisdiction, no further pleadings may be filed.**

SIGNED this 7th day of December, 2005, in Houston, Texas.

_____
Nancy K. Johnson
United States Magistrate Judge